UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:07CV-156-R

JASON BAKER,                                                                              PLAINTIFF

v.

DAVE MORTACH AND LAURA DILLARD                                          DEFENDANTS

**OPINION AND ORDER**

This matter comes before the Court on Defendants' Motion to Dismiss or Transfer for Improper Venue (Docket #9).  Plaintiff has filed a response (Docket #19), and the Court has been advised that no reply will be filed.  This matter is now ripe for adjudication.  For the reasons that follow, the Court finds that the Western District of Kentucky is not the proper venue for this action and orders that the case be transferred to the United States District Court of the Northern District of Ohio pursuant to 28 U.S.C. § 1406(a).

**DISCUSSION**

This case arises out of a series of contracts between Plaintiff and Defendants.  Plaintiff, Jason Baker, is a resident of West Paducah, Kentucky.  Defendants Dave Mortach and Laura Dillard are residents of Avon, Ohio.  The contracts in question were negotiated and executed in Cleveland, Ohio.  Each contract contemplated sales of insurance policies solely to Ohio residents.

The Court has jurisdiction over this case under 28 U.S.C. § 1332 based on the parties' diversity of citizenship.  The federal venue statute, 28 U.S.C. § 1391(a), provides:

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where

> any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

The burden of showing that venue is proper rests with the plaintiff. *Ruther v. O'Neal*, No. 06-CV-303, 2006 WL 2795508, at *2 (E.D. Ky. Sept. 26, 2006) (citing *Verbis v. Iowa Dept. of Human Servs.*, 18 F. Supp.2d 771, 774 (W.D. Mich.1998). Venue must be proper with respect to all defendants. *Id.* (citing *Verbis*, 18 F. Supp.2d at 774).

If a case is filed in an improper venue the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a); *Thompson v. Greenwood*, 507 F.3d 416, 420 (6th Cir. 2007). "The decision of whether to dismiss or transfer is within the district court's sound discretion." *First of Michigan Corp. v. Bramlet*, 141 F.3d 260, 262 (6th Cir. 1998).

Plaintiff's Complaint states that venue is proper in the Western District of Kentucky because a substantial part of the events or omissions giving rise to the claim occurred in this district. Defendants argue that the Western District of Kentucky is not the proper venue because "the relevant contracts were executed and performed in the Northern District of Ohio, and the relevant policies were for Ohio insurance policies purchased by Ohio residents." Plaintiff's response to Defendants' motion does not dispute Defendants' claims. Therefore, this Court finds that the Western District of Kentucky is not the proper venue for this action.

Further, this Court finds that it is in the interest of justice to transfer this matter to a district in which it could have been brought. Venue is proper in the Northern District of Ohio; Defendants reside in that district and a substantial part of the events or omissions giving rise to the claim

occurred there.

      For the foregoing reasons, IT IS HEREBY ORDERED that the case be transferred to the United States District Court of the Northern District of Ohio pursuant to 28 U.S.C. § 1406(a).